THE PEOPLE ex rel. BELKNAP v. BEACH. 259

THIRD DEPARTMENT, NOVEMBER TERM, 1879.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT LENOX BELKNAP, Respondent, v. ALLEN C. BEACH, as Secretary of State of the State of New York, Appellant.

*Manufacturing act, chapter 40 of 1848 — what a sufficient designation of business— A corporation may be formed to mine more than one metal — when the certificate sufficiently describes the place of business.*

A certificate, for the incorporation of a company, under chapter 40 of 1848, which states " that the objects for which the said company is formed are as follows, namely, the mining of gold, silver and lead, in the territory of Utah," is sufficient under section 1 of the said act.

A certificate, which states, " The said company is formed for the purpose of carrying on some part of its business outside the State of New York, namely, in Big Cottenwood District, Utah, and the name of the place in which the principal part of the business of the said company is to be transacted is in the city and county of New York," is sufficient under section 3 of chapter 29 of 1857.

APPEAL from an order made at Special Term, granting a peremptory mandamus against the Secretary of State, commanding him to file in his office the certificate of incorporation of a mining company, proposed to be organized under the name of " The Kesler Mining Company."

On the eighth day of February last, the certificate was presented to the secretary to be filed. The secretary, after examination, declined to file it, and returned it the same day.

The portions of the certificate to which the secretary objected are the second and sixth clauses. These clauses are as follows :

II. That the objects for which said company is formed are as follows, namely. the mining of gold, silver and lead in the territory of Utah.

VI. The said company is formed for the purpose of carrying on some part of its business outside the State of New York, namely, in Big Cottonwood District, Utah, and the name of the place in which the principal part of the business of the said company is to be transacted is in the city and county of New York.

The secretary declined to file it, because it was vague, general and indefinite, and gave a roving commission to mine for three

**260** THE PEOPLE ex rel. BELKNAP *v.* BEACH.

THIRD DEPARTMENT, NOVEMBER TERM, 1879.

separate and distinct kinds of business in the whole territory of Utah. Also, for the reason that said certificate did not show a purpose to carry on a separate kind of business, nor in any specified place, as contemplated by the act under which the company desired to form ; " and that, as he believed, the statute should be construed to limit corporations organized under it to some single kind of business at some specified place.

*A. Schoonmaker*, attorney-general, for the appellant.

*R. W. De Forest*, for the respondent.

BOCKES, J. :

The relator, and his associates, intending to organize a company with corporate powers under the act of 1848 (chap. 40), and its amendments, made and presented to the secretary of State, to be filed in his office, as the law requires, their proposed certificate of incorporation. The certificate was rejected by that officer on two grounds. (1.) That it was not sufficiently specific and distinct in its statement of the object and business purposes of the company ; and (2), not sufficiently definite in its designation of the place out of the State where its business was to be conducted. It was insisted that in these respects the certificate was not in conformity with the requirements of the law.

The statute referred to, provides for the formation of companies " for the purpose of carrying on any kind of manufacturing, mining, mechanical or chemical business." This language is in the disjunctive, thus authorizing an organization for the carrying on of business, having in view either of these purposes as its auxiliary or means of producing results. Nor does section 20, which provides for extending the business of a company formed, or to be formed, to any *other* manufacturing, mining, mechanical or chemical business, " confer the right to combine any two or more of these general purposes." This section leaves the purpose of the organization still to be limited to one of the general classes of business, designated in the act, as manufacturing, mining, mechanical or chemical. With a view to the maintenance

THE PEOPLE ex rel. BELKNAP v. BEACH.     261

Third Department, November Term, 1879.

of these distinctions in the business, to be carried on by the company, it is further provided that "the objects, for which the company shall be formed," shall be stated in the certificate — that is, that the certificate shall state the particular branch, or branches, of business to be carried on under one of the designated heads. A limitation of the business, in this regard, was required to be evidenced by a statement in the certificate. Still, the requirements of the law would be answered, both in its letter and spirit, by stating in due form, first, under what general head the business belonged; and, secondly, the branch or branches of business, falling under that head, which it was proposed to carry on. That it was intended to permit more than a single result to be attained from the business, if it was embraced within or came under one of the designated heads, is evident from the provision in section 20, which expressly confers such rights. This section provides for an extending of the business of a company already existing, or which might be thereafter formed under the act, to *other* business belonging to the same class; that is, so as to embrace, as an object and purpose of the organization, *some other* business than that already stated in the charter or certificate of incorporation. If this result might be secured by an addition to or an amendment of the charter, certainly the same end might be attained by proper statements in a new or original charter. It would seem to follow that a company might be formed under the act, having for its purpose and object the mining of gold, silver and lead. Such was the "*kind*" of mining business intended to be carried on. The statement in the certificate was, that the objects for which the company was formed were as follows : " the mining of gold, silver and lead ;" and this statement, in my judgment, answers both the letter and the spirit of the law.

*Second.* The act also required " the names of the town and county," in which the operations of the company were to be carried on, to be stated in the certificate. This was the original provision, and doubtless contemplated operations within this State. In 1857 (chap. 29) an amendment was adopted, which declared or recognized the right, in a company formed under the act, to carry on business out of the State. It provided that if the company

so formed " for the purpose of carrying on any part of its business in any place out of this State, the said certificate shall *so state ;* and shall also state the name of the town and county in which the principal part of the business of said company within this State is to be transacted."

Now, part of the business of the company was to be carried on in a place out of this State. So it was requisite that this fact should be so stated in the certificate of incorporation. This was stated. It was stated that the mining contemplated in the certificate, was to be carried on in Big Cottonwood District, in the territory of Utah. This statement, as it seems, to me answers the statute in its letter and policy. If the mining was to be carried on in this State, the name of the town would be a sufficient designation as to the particular locality. The statute manifestly contemplates only certainty in this regard to a common intent. The precise, exact point of location was not required or expected to be stated. A town embraces considerable territory, often in our own State, with a moderately dense population, from thirty to fifty square miles. Thus it is seen that it was not necessary to be very particular in giving the place where the business was to be conducted. So such place, when out of the State, might be given by equally general reference. We have nothing in the papers before us showing the extent of territory embraced in the Big Cottonwood District, whether more or less than is embraced in some townships in our own State. For anything that appears in the papers to the contrary, the place out of the State designated as that where part of the business of the company was to be carried on, is as definite and certain as would be the naming of a town in this State. By analogy with what is declared by the act to be a sufficient designation of place in this State, the statement in the certificate should be held to answer the requirements of the law. The suggestion that it is difficult for persons interested in companies under this act to obtain information, as to the action of the officers who conduct the business, is answered by the amendment to the act in 1854, chapter 201, which puts it in the power of such persons to obtain a statement from the treasurer, sufficient for all general and practical purposes.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

LEARNED, P. J., and BOARDMAN, J., concurred.

Order affirmed, with ten dollars costs and printing disbursements.